No. 2023-1687

---

# United States Court of Appeals for the Federal Circuit

---

MITEK SYSTEMS, INC.,
*Plaintiff-Appellant,*

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION,
*Defendant-Appellee,*

---

Appeal from the United States District Court for the Eastern District of Texas
Case No. 2:20-cv-00115-JRG

---

## DEFENDANT-APPELLEE UNITED SERVICES AUTOMOBILE ASSOCIATION'S MOTION TO WAIVE CONFIDENTIALITY REQUIREMENTS

JASON G. SHEASBY
MICHAEL D. HARBOUR
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90667-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

LISA S. GLASSER
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Counsel for Defendant-Appellee,*
*United Services Automobile Association*

Defendant-Appellee United Services Automobile Association ("USAA") respectfully moves to waive the confidentiality requirements set out in Federal Circuit Rule 25(d)(1)(A) limiting the total number of words that may be marked as confidential to fifteen (15) unique words. Specifically, USAA seeks to mark 112 unique words as confidential in its brief, filed concurrently with this motion. USAA is seeking to mark these words in order to protect information that has been designated as confidential by other parties, specifically Appellant Mitek and third party Wells Fargo.

First, USAA has marked as confidential information relating to (1) confidential indemnification agreements between Appellant Mitek and third parties (2) and letters allegedly related to such agreements. Mitek filed this information under seal in the proceedings below. Prior to filing its Responsive Brief, USAA conferred with Mitek, and Mitek requested that USAA redact this information. Mitek represented that its indemnification agreements with third parties and communications discussing indemnification are confidential and that "[d]isclosure of the contents of these agreements [and letters] would cause Mitek competitive harm and affect its business negotiations."

Second USAA has marked as confidential statements by third party Wells Fargo which were designated confidential in USAA's prior litigation against Wells Fargo. This information relates to whether Wells Fargo had any indemnification

agreements that would potentially cover USAA's patent infringement claims. Mitek does not oppose USAA's request to redact the information that Wells Fargo has designated as confidential.

The information in both categories was subject to sealing orders by the district court for the Eastern District of Texas in the litigation below. AppxI; AppxIII-AppxXI. This confidential information is necessary to include in USAA's responsive brief to counter Mitek's allegation and argument that the district court erred in dismissing Mitek's declaratory judgment suit for lack of subject matter jurisdiction. Mitek argues on appeal that a substantial controversy exists between USAA and Mitek based on indemnification agreements that Mitek has with third parties and indemnification demands that Mitek allegedly received relating to these agreements. To address these arguments, USAA needs to discuss these substance of these agreements and demands, which Mitek claims constitute confidential and sensitive business information. USAA also needs to discuss whether Wells Fargo sought indemnification relating to its litigation with USAA.

Federal Circuit Rule 25.1(d)(3)(A) provides that a party may move to mark more than 15 unique words as confidential if the party "establish[es] why the additional markings are appropriate and necessary pursuant to a statute, administrative regulation, or court rule (such as Federal Rule of Civil Procedure 26(c)(1))." The protective orders pursuant to which this information was marked

- 3 -

confidential were entered pursuant to Federal Rule of Civil Procedure 26(c)(1). Thus these markings are appropriate and necessary by judicial order, statute, and court rule.

Dated: September 22, 2023                                  Respectfully submitted,

                                                           IRELL & MANELLA LLP

                                                           By: */s/ Michael D. Harbour*
                                                               Michael D. Harbour

                                                           Counsel for Defendant-Appellee,
                                                           *United Services Automobile Association*

- 4 -

## CERTIFICATE OF COMPLIANCE

I hereby certify the foregoing motion contains 451 words in compliance with Federal Rule of Appellate Procedure 27(d)(2).

Dated: September 22, 2023

Respectfully submitted,

IRELL & MANELLA LLP

By: */s/ Michael D. Harbour*
　　Michael D. Harbour

Counsel for Defendant-Appellee,
*UNITED SERVICES AUTOMOBILE ASSOCIATION*

- 5 -

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document on counsel of record for the parties on September 22, 2023 by:

Electronic Means (by CM/ECF)

| | |
|---|---|
| Michael D. Harbour | */s/ Michael D. Harbour* |
| Name of Counsel | Signature of Counsel |

| | |
|---|---|
| Law Firm | Irell & Manella LLP |
| Address | 1800 Avenue of the Stars, Suite 900 |
| City, State, Zip | Los Angeles, California  90667-4276 |
| Telephone Number | (310) 203-7527 |
| Fax Number | (310) 556-5304 |
| E-Mail Address | mharbour@irell.com |

FORM 9. Certificate of Interest Form 9 (p. 1)
 March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2023-1687

**Short Case Caption** Mitek Systems v. United Services Automobile Association

**Filing Party/Entity** United Services Automobile Association

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/22/2023 Signature: /s/ Michael D. Harbour

 Name: Michael D. Harbour

FORM 9. Certificate of Interest   Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| United Services Automobile Association | | |

☐   Additional pages attached

FORM 9. Certificate of Interest                                       Form 9 (p. 3)
                                                                      March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable        ☐   Additional pages attached

| | | |
|---|---|---|
| Parker Bunt & Ainsworth | | |
| Robert Chirstopher Bunt | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)   ☐   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable        ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |